Thomas W. Watson, Angleton, Tex., court–appointed, for defendant–appellant.

Anna E. Stool, Asst. U.S. Atty., Houston, Tex., for plaintiff–appellee.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**H. C. CAESAR, Defendant–Appellant.**

**No. 80–1778**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Unit A

Dec. 11, 1980.

Before BROWN, POLITZ and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendant pleaded guilty to a count of possession of stolen mail, an offense punishable by imprisonment of not more than five years. 18 U.S.C. § 1708. He was sentenced to a three–year prison term. On his appeal his sole contention is that imprisonment is excessively harsh punishment, since he is a paraplegic confined to a wheelchair and in need of specialized medical attention. Finding no abuse of the district court's wide sentencing discretion, we affirm.

At the sentencing hearing, the district court fully considered the defendant's phys-

ical condition, including the medical advice he had received to stay in bed much of the time and to stay in his wheelchair only two hours at a time. Indicating his concern with sentencing this paraplegic to confinement in a prison, the district judge stated that the institution to which the convicted defendant was to be assigned had rehabilitative programs that, with the proper cooperation on the part of the defendant, would have much to offer in affording the defendant an opportunity to leave in better physical circumstances than when he entered.

The judge nevertheless felt that imprisonment rather than probation was appropriate. On the basis of a pre–sentence report (not contested by the defendant), the court found that he "had compiled a consistent record of anti–social conduct." Sentencing hearing p. 14. See also Record, pp. 10, 12, 34–35 for references to a prior criminal record of the defendant.

We cannot say that, having considered the defendant's physical condition and nevertheless determined upon imprisonment rather than probation, the district court abused its wide discretion by sentencing the defendant to three years imprisonment (well within, incidentally, the statutory maximum), in view of his consistent anti–social conduct in the past. As reiterated in *United States v. Atkins*, 618 F.2d 366, 374 (5th Cir. 1980).

> [I]t is well settled that a federal district judge has wide discretion in determining what sentence to impose, and such a sentence will not be questioned on appeal as long as the sentence is within statutory limits and there is no showing of arbitrary or capricious action amounting to a gross abuse of discretion.

The defendant's reliance upon *United States v. Mattox*, 417 F.Supp. 343 (S.D.N.Y. 1976) is misplaced. There, a sentencing judge determined that probation rather than confinement was appropriate for a first offender, considering all circumstances surrounding that conviction. Aside from the factual distinctions concerning that offender and the present, the decision simply affords an illustration of the sensitive exercise of his discretion by a sentencing judge.

For purposes of appellate review claiming a sentence imposed was excessive, the *Mattox* decision is, at most, authority for the proposition that, in the wise and sensitive exercise of his sentencing discretion, the trial judge should (as did the judge below in the instant case) take into consideration the paraplegic's condition and medical needs as among the circumstances that bear upon his sentencing determination. *Mattox* was not intended to be, and it is not, authority for any principle that a paraplegic should never be imprisoned. The *Mattox* judge himself so noted, in ordering confinement of a stroke–paralyzed defendant convicted under circumstances that in the judge's view required imprisonment rather than probation. *United States v. King*, 442 F.Supp. 1244, 1249 (S.D.N.Y.1976).

Finding no abuse of sentencing discretion, we AFFIRM the district court's judgment.

AFFIRMED.